ELSEY ET AL. V. STATE.

1.  CRIMINAL PLEADING: *Indictment for conspiracy.*
   A conspiracy to commit a felony is merged in the felony when actually consummated; and so an indictment for a conspiracy to commit a felony must allege that the felony was not committed. After the felony is consummated, the conspiracy is not indictable.

2.  CRIMINAL LAW; *Forgery.*
   To constitute the offense of uttering and publishing a forged writing, there must be an intent to defraud and a knowledge of the falsity of the instrument.

APPEAL from *Franklin* Circuit Court.

Hon. G. S. CUNNINGHAM, Judge.

*Ed. H. Mathes*, for Appellants.

Under our statute, *Mansf. Dig.*, *sec. 1822*, only a conspiracy to commit "any felony" is indictable, and that, too, where "some advance thereto" is "made without committing the felony." An overt act is an essential incident of the offense. *2 Fed. Rep.*, *754; 2 Bish. Cr. Law, sec. 151, et seq.*

It seems entirely clear that the legislature, having provided explicitly what kind of conspiracy, and under what particular attending circumstances, should be indictable and punishable, excludes all others.

1. The misdemeanor charged in the indictment, to-wit: Conspiring to commit a felony, was merged when the felony was committed.

2. The demurrer should have been sustained because the indictment did not charge, substantially, in the language of the statute, that there was a conspiracy, an overt act, etc., and that the felony was not committed. *6 Ark., 131; 5 Mass., 105; 51. Am. Dec., 75; 9 Cow., 578; 4 Wend., 230; 66 Ind., 223; Wharton Cr. Law, sec. 566.*

*Dan. W. Jones*, Attorney General, for Appellee.

Appellants were charged with conspiracy in taking forged county warrants, knowing them to be such, and directing and having suit brought upon them with the intent to defraud Franklin county of a large sum of money. That is, they had conspired to obtain money under false pretenses. *Sec. 1645, Mansf. Dig.* Though the institution of the suit may have been an utterance of the forged instruments, yet it was not a consummation of the conspiracy; it was merely "an advance

thereto." They conspired to get money; not merely to bring an action. *Sec. 1822, Mansf. Dig.*, became applicable.

BATTLE, J. The appellants, F. M. Elsey and H. Elsey, and E. A Cope, were jointly indicted in the Franklin circuit court for the Ozark district, for a conspiracy to utter and publish for true and genuine, certain forged Franklin county warrants, purporting to be good, genuine and valid warrants of Franklin county, for the payment of money, well-knowing the same to be forged, with intent to defraud and cheat Franklin county out of a large sum of money. Cope died, and the indictment was dismissed as to him. Appellants demurred to the indictment because it does not state facts sufficient to constitute a public offense. The demurrer was overruled, and appellants pleaded not guilty, and were tried.

In the trial, evidence was introduced tending to prove that appellants and Cope, at the time and place mentioned in the indictment, had in their possession a large amount of forged warrants of Franklin county, which they knew to be such; that they conspired to institute suit against Franklin county upon the warrants in the district court of the United States for the Western District of Arkansas, in the name of Mathes & Whittaker, of St. Louis, Mo., but in fact for their own use and benefit; that, on the 28th of August, 1884, in Franklin county, in furtherance of their conspiracy, they placed the warrants in a letter, directed to S. D. McReynolds, of Bentonville, Ark., and deposited it in the post-office at Ozark, for the purpose of having suit brought, as they had conspired to do; and that, on the 1st of September, 1884, they placed the warrants in the hands of Ed. H. Mathes with instructions to take the same to Fort Smith, Ark., and deliver them to DuVal & Cravens, attorneys at law, and to direct them to bring suit thereon as the defendants had agreed to do. It was proven that DuVal & Cravens, in October, 1884, instituted suit upon the warrants according to the instructions sent to them.

Appellants asked the court to instruct the jury as follows :

"If the jury find from the evidence that the defendants, or either of them, actually brought the suit in the United States court, at Fort Smith, as mentioned in the indictment as being one of the objects of the conspiracy, or that they or either of them, directly or by agent or attorney, delivered the scrip to W. M. Cravens, or DuVal & Cravens, at Fort Smith, for the purpose of having suit brought thereon in the United States court at Fort Smith, they will acquit the defendants."

But the court refused to give the instruction.

Appellants were convicted. They moved for a new trial, which was denied ; saved exceptions and appealed.

I. The indictment in this case fails to state that the defendants therein did not publish and utter the Franklin county warrants as they had conspired to do. Appellants contend that it is fatally defective on account of this failure.

*1. Indictment for conspiracy.*

It is contended that a conspiracy to commit a felony merges in the felony when it is actually consummated, and that the conspiracy is not indictable after the merger. This doctrine has been held by many of the American courts and has been sturdily resisted and rejected by others. It was, doubtless, with the view of settling this question in this state the statute was enacted, which provides that, "if two or more persons shall agree and conspire to commit any felony, and make some advance thereto, without committing the felony, they shall be deemed guilty of a misdemeanor." Under this statute there cannot be any doubt about the rule contended for by appellants being the law in this state. *Mansf. Dig., sec. 1822.*

It is a familiar rule of criminal pleading that when an act is only indictable under certain conditions, these conditions must be stated in the indictment in order to show that the act is indictable. Under the statutes of this state a conspiracy to commit a felony is not indictable after the felony has been com-

mitted. It was, therefore, necessary for the state to have alleged in the indictment in this case that the felony appellants are charged with conspiring to commit was not committed.

2. FORGERY: What is uttering.

II. Another question in the case, presented by the evidence, and the instruction requested by appellants and refused by the court, is, what is necessary to constitute an uttering? To utter and publish a document is to offer, directly or indirectly, by words or actions, such document as good. To constitute the offense of uttering and publishing a forged writing it is necessary that there be an intent to defraud, and that there should be a knowledge of the falsity of the document. A receipt may be uttered by the mere exhibition of it to one with whom the party is claiming credit for it, though he refuse to part with the possession. The putting of a forged deed upon record as genuine has been held to be an uttering of it; and so has the bringing of a suit upon a forged paper. *Wharton's Criminal Law*, 9 ed., secs. *703, 705; 2 Bishop on Criminal Law*, 6 ed., sec. *605; People v. Caton, 25 Mich., 388; Perkins v. People, 27 Mich., 386; Chahoon v. Com., 20 Grat., 733*.

The court below erred in overruling appellants' demurrer and motion for new trial.

The judgment of the court below is, therefore, reversed, and this cause is remanded with an instruction to that court to sustain the demurrer.