UNITED STATES *v.* GARDNER.

*(Circuit Court, N. D. New York.  May 22, 1890.)*

1. INDICTMENT—DESCRIPTION OF OFFENSE—CONSPIRACY TO COMMIT LARCENY.

An indictment averred that defendant, and S. and H., "together with divers other evil-disposed persons," did conspire to steal certain chattels, "the property of and in the possession of the United States," and that thereafter "the said S., together with the said divers other evil-disposed persons," in execution and furtherance of the said conspiracy, did unlawfully and feloniously steal, etc.  *Held,* that the indictment charged defendant with the conspiracy only, and not with the larceny, and an objection to a conviction for the conspiracy, on the ground that, as it was a misdemeanor only, it was merged in the larceny, which was a felony, could not be sustained.

2. SAME—AVERMENT OF OVERT ACT.

    In such indictment the averment of the commission of the larceny, which was the object of the conspiracy, sufficiently charges an overt act in furtherance of the conspiracy.

3. SAME.

    An indictment for conspiracy need not charge the commission of an overt act in furtherance of the conspiracy. It is sufficient if it charges that the conspiracy was to do some criminal act.

4. SAME—OWNERSHIP—POSSESSION BY COLLECTOR OF CUSTOMS.

    In an indictment for a conspiracy to steal, and stealing property, an allegation that it was "the property of and in the possession of the United States of America," is supported by evidence that the property was in the possession of the collector of customs of the United States, having been seized by him as smuggled merchandise.

Error to District Court.

*Richard Crowley*, for plaintiff in error.

*John E. Smith*, Asst. U. S. Atty.

WALLACE, J. This is a writ of error to the district court to review a judgment by which Gardner was convicted of the crime of conspiracy, and sentenced to imprisonment for the term of two years. The indictment avers that Gardner, Stone, and Haines, being persons of evil minds and dispositions, "together with divers other evil-disposed persons, whose names are to the jurors unknown," did conspire to steal certain chattels, "the property of and in the possession of the United States of America;" and that thereafter the said Stone, "together with the said divers other evil-disposed persons," in execution and furtherance of the said conspiracy, did unlawfully and feloniously steal, take, and carry away the chattels previously described. Upon the trial in the court below, after the evidence was all in, the court was moved to rule that Gardner should be acquitted, because (1) upon the face of the indictment it appeared that the offense of conspiracy was merged in the larceny of the chattels, the former being a misdemeanor and the latter a felony; (2) that the indictment did not aver the commission of any overt act in furtherance of the conspiracy; and (3) that the evidence did not show that the chattels described in the indictment were the property of and in the possession of the United States. Upon the exceptions taken to the denial of this motion by the court it is now insisted that the judgment should be reversed.

By the laws of congress the offense of conspiracy is a misdemeanor, and that of larceny is a felony. Supp. Rev. St. U. S. 183. According to the authorities, where the object of a conspiracy is to commit a crime of a higher grade, and the object is accomplished, a prosecution for the conspiracy cannot be maintained, because the lesser offense is merged in the greater. Mr. Wharton states the doctrine thus:

"The technical rule of the old common-law pleaders, that a misdemeanor always sinks into a felony when the two meet, has, in some instances, been recognized in this country, and perhaps may be considered in Massachusetts, New York, and Pennsylvania as the settled law, though with very little substantial reason." Whart. Crim. Law, 671.

Not only is this the rule recognized by the courts of the states mentioned by Wharton, but it is the generally declared doctrine of the adjudications in this country. *U. S.* v. *McDonald*, 3 Dill. 545; *U. S.* v. *Mar-*

*tin,* 4 Cliff. 166; *State* v. *Mayberry,* 48 Me. 238; *Elsey* v. *State,* 47 Ark. 572, 2 S. W. Rep. 337; *State* v. *Lewis,* 48 Iowa, 579; *People* v. *Richard,* 1 Mich. 222; *Wright* v. *State,* 5 Ind. 528. The reason why a conviction cannot be had for the conspiracy to commit a felony, or for an attempt to commit a felony, when it appears that the felony was actually committed, is that an acquittal for the minor offense would not bar a subsequent indictment for the major, and consequently the accused might be put twice in jeopardy for acts which were all constituent parts of one offense. On the other hand, a conspiracy to commit an offense of the same grade does not merge in the consummated offense; and upon an indictment for the offense which was the object of the conspiracy, the accused can plead a conviction or acquittal upon the indictment for the conspiracy, and the plea would be a good bar.

In the present case there is no occasion to look into the evidence to see whether the larceny proved upon the trial was a larceny in which Gardner was one of the principals. The question made at the trial, and reviewable here, arises exclusively upon the face of the indictment. So far as appears from the indictment, Gardner did not take any part in the larceny. The larceny was committed by Stone, together with the "divers other evil-disposed persons," among whom neither Gardner nor Haines are included by the language of the indictment; and Gardner's only offense was the conspiracy. Upon the averments of the indictment, Gardner could not be convicted of the felony. Even if he were charged as an accessory before the fact, he could not be convicted of the felony. Matth. Crim. Law, 9; *Norton* v. *People,* 8 Cow. 137. If he should be indicted again for the same transaction as an accessory to the felony before the fact, a plea of a conviction or acquittal upon the present indictment would be a perfect bar. Neither the rule of merger, nor the reasons upon which it rests, have any application to the present case, and the exception to the ruling of the court below was not well taken.

There is no merit in the objection that the indictment fails to charge an overt act in furtherance of the conspiracy. An indictment for conspiracy, to be good under the statute, must charge that the conspiracy was to do some act made criminal by the laws of the United States, and must state with sufficient certainty the facts to show that such a criminal act was the object of the conspiracy. It is usual to set out the overt acts, those acts which may have been done by any one or more of the conspirators in pursuance of the conspiracy, and in order to effect the common purpose; but this is not requisite if the indictment charges what is in itself an unlawful conspiracy. The offense is complete on the consummation of the conspiracy, and the overt acts may be either regarded as matters of aggravation or disregarded as surplusage. Where an indictment for a conspiracy does not set forth the object specifically, and show that such object is a legal crime, it should particularly set forth the means to be used by the conspirators, and show that these means are criminal. *Lambert* v. *People,* 9 Cow. 578; *Com.* v. *Hunt,* 4 Metc. 125. In this indictment, however, the averment of the commission of the larceny, which was the object of the conspiracy, is an ample averment of an overt act.

It appeared in evidence upon the trial that the chattels, the larceny of which was the object of the conspiracy, were at the time in the possession of the collector of customs, at the custom-house at Ogdensburg, having been seized by the collector as smuggled merchandise preparatory to the institution of proceedings for forfeiture and condemnation. The chattels were therefore in the possession of an officer of the United States, and his possession was in law the possession of the United States; and the United States had a sufficient special property in them to warrant the averment of the indictment. Possession is sufficient evidence of title; and if goods are stolen from a thief they may be described as the property of the thief in whose possession they were when stolen, or of the true owner, at the election of the pleader. *Ward* v. *People*, 3 Hill, 396. There was no error in the rulings excepted to upon the trial, and the judgment is accordingly affirmed.