## Rickman v. State.

### Opinion delivered September 23, 1918.

1. Forgery—intent.—The fraudulent intent is an essential ingredient in the crime of uttering a forged instrument.

2. Forgery—instructions.—Where, in a prosecution of defendant for forgery of his father's name to a check, there was testimony that defendant had an interest in the fund in bank and authority to sign checks in his own name, but not in his father's name, instructions to the effect that unless defendant had express authority from his father to sign his name his act in doing so was a forgery were erroneous, since he was not guilty if he honestly believed that he had authority to sign his father's name to the check.

3. Criminal law—appeal—reversal.—Where defendant was indicted for forgery of a check and for uttering a forged check, and

the evidence showed that defendant wrote the check, signed his father's name thereto, and thereafter uttered the check, and the jury acquitted him of the forgery and convicted him of uttering a forged instrument, the judgment will be reversed, and the prosecution dismissed.

Appeal from Craighead Circuit Court; Jonesboro District; *W. J. Driver,* Judge; reversed and dismissed.

*J. F. Gautney* and *Fred C. Mullinix,* for appellant.

1. The court invaded the province of the jury in giving instruction No. 6.

2. The verdict on the second count is contrary to the evidence.

3. The evidence shows that Rickman wrote, signed and endorsed the check in the presence of Koonce. The jury found that defendant was not guilty of forgery and hence was not guilty of uttering a forged check.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

Confess error in giving the 6th instruction.

WOOD, J. Appellant was indicted in one indictment under two separate counts; first, for forgery, and second, for uttering a forged instrument. The appellant was convicted for uttering the check but acquitted of the charge of forgery. The check alleged to have been forged was drawn on the Bank of Nettleton in favor of Olyn Rickman for the sum of $2.50 and was signed, J. W. Rickman.

J. W. Rickman, the father of appellant, testified that his name had been signed to the check and that he had not signed it himself, nor authorized any one else to do so; that his wife had deposited some money in the bank in his name, and that the money belonged to the family.

Mrs. Rickman, appellant's mother, testified that she deposited money in the Bank of Nettleton in the name of her husband, J. W. Rickman; that it belonged to the family, and that appellant had an interest in the money; that she told him he could write checks on it. There was

testimony to the effect that appellant wrote the alleged forged check and signed his father's name to same, uttered the check, indorsed and delivered the same to one Koonce, who paid him the sum named in the check. Koonce presented the check to the Bank of Nettleton, and the bank refused to cash it.

The court, among other instructions, gave the jury the following: "5. If you find the defendant here had authority to sign the name of J. W. Rickman to the check testified about, it would be sufficient for the purposes of this case, and the jury should acquit him."

"6. The authority you will consider is the authority from the person in whose name the money was deposited in the bank. Authority from any one else would not be of any value in this case."

The Attorney General confesses that the court erred in giving instruction No. 6. The confession of error is well taken. Forgery is the fraudulent making or alteration of any writing to the prejudice of another man's rights. 2 Bish. New Cr. Law, secs. 523, 605; *Van Horne* v. *State,* 5 Ark. 349.

The fraudulent intent is an essential ingredient in the crime of uttering a forged instrument. *Elsey* v. *State,* 47 Ark. 572; *Holloway* v. *State,* 90 Ark. 123; *Maloney* v. *State,* 91 Ark. 485.

Instructions 5 and 6 were misleading. From these the jury were justified in concluding that, unless the appellant had express authority from his father to sign the latter's name to the check, his act in so doing was a forgery, and likewise that the uttering of the instrument so signed constituted the crime of uttering a forged instrument. These instructions were calculated to make the jury believe that they had a right to disregard the testimony of both the father and mother of appellant to the fact that the money deposited in the bank by the mother was regarded as the money of the family, in which appellant, as a member of the family, had an interest. The testimony of the mother to the effect that

appellant had authority to sign checks in his own name was competent, as tending to show that the appellant, in signing his father's name to the check and in uttering the check after signing same, did not have any fraudulent intent. Although the appellant's father testified that he had not authorized any one to sign his name to the check, yet his testimony as a whole tended to prove that while the money was deposited in his name it belonged to the family, and that appellant had an interest in the same. Even though appellant may not have had any actual authority from his father to sign checks, yet if, under the circumstances, he honestly believed that he had such authority and signed his father's name to the check and afterwards uttered the check without any fraudulent intent, he was not guilty of either crime in the indictment.

Appellant was on trial for both offenses. The evidence showed that appellant himself wrote the check, signed his father's name to same and thereafter uttered this check. The jury acquitted appellant of the crime of forgery. Since the jury thus determined that appellant was not guilty of forgery of the instrument, it necessarily follows under the proof in this case, that they could not convict him of the crime of uttering a forged instrument. As appellant wrote and signed the instrument himself, if in so doing he did not commit a forgery, then he could not be guilty of uttering the forged instrument when he sold the same to Koonce. For the error indicated the judgment is reversed and the cause is dismissed.