EARL v. STATE.

Opinion delivered October 23, 1922.

1. INTOXICATING LIQUORS—INDICTMENT FOR HAVING UNREGISTERED STILL.—An allegation in an indictment under Acts 1921, p. 372, § 2, prohibiting the possession of an unregistered still regardless of intention as to its use, that the still was kept for use in the production of spirits was surplusage, and did not affect the validity of the indictment.

2. CRIMINAL LAW—PRESUMPTION FROM ABSENCE OF BILL OF EXCEPTIONS.—In the absence of a bill of exceptions, the court will assume that the evidence was sufficient to sustain the verdict, and that no error occurred in the proceedings.

Appeal from Sebastian Circuit Court, Fort Smith District, *John Brizzolara,* Judge; affirmed.

*Wallace Bourland,* for appellee.

McCULLOCH, C. J. Appellant was convicted under an indictment couched in the following language (omitting the caption and formal conclusion):

"The said defendant, Will Earl, in the county, district and State aforesaid, on the 5th day of December, A. D. 1921, did then and there unlawfully and feloniously have and keep in his possession a still for the purpose of using same for the production of distilled spirits, without registering the same with the proper United States officers as required by law."

The record of the trial was not preserved by a bill of exceptions, and we can only review the record presented for the purpose of determining whether or not error appears upon its face.

The only ground urged for reversal is that the indictment does not state a public offense.

The statute under which the indictment was preferred reads as follows:

"Sec. 2. No person shall keep in his possession any stillworm or still without registering the same with the proper United States officer, and no person shall set up, to be used as a distillery, any stillworm or substitute therefor, and a still or substitute therefor, such as a kettle, washpot, metal tank, or any other vessel of any kind, for the purpose of using same, or which, after being so set up, may be used for the production of distilled spirits." Acts 1921, p. 372.

The contention is that the indictment is defective and not in conformity with the statute in that it contains the charge that the unregistered still was kept for use in the production of distilled spirits.

Conceding that such defect can be raised here for the first time, the ground of attack upon the indictment is untenable. It is true that the statute makes it an offense for a person to keep an unregistered still or stillworm in possession, regardless of intention as to its use, but the

additional charge that it was kept for the purpose of using same in the production of spirits was mere surplusage, and did not affect the validity of the indictment on the charge of keeping an unregistered still.

We must assume, in the absence of a bill of exceptions setting forth the record of the trial, that the evidence was sufficient to sustain the verdict, and that no error in the proceedings occurred.

Affirmed.