ROSSLOT v. STATE.

Opinion delivered February 11, 1924.

1. INTOXICATING LIQUORS—STILLWORM DEFINED.—The word "stillworm" means the tube or coil used for condensation of the vapor which is passed through it from the boiling mash for the purpose of being distilled into whiskey.

2. INTOXICATING LIQUORS—REGISTRATION OF STILLWORM—BURDEN OF PROOF.—In a prosecution for unlawfully possessing a stillworm, the burden was on the defendant to show that a stillworm found in his possession was registered.

3. INDICTMENT AND INFORMATION—SURPLUSAGE.—In a prosecution for having an unregistered stillworm in his possession, an indictment was not rendered invalid by charging that the stillworm was to be used in the manufacture of distilled spirits; such allegation being surplusage, since the statute makes it an offense to keep an unregistered stillworm, regardless of intention.

4. CRIMINAL LAW—REPETITION OF INSTRUCTIONS.—The trial court was not required to multiply instructions on the same point.

5. CRIMINAL LAW—ARGUMENT OF PROSECUTING ATTORNEY.—Where the court instructed the jury as to reasonable doubt, remarks of the prosecuting attorney as to inferences to be drawn from defendant's attorney's harping on reasonable doubt, without stating any fact not in the record, *held* not prejudicial to defendant.

6. CRIMINAL LAW—ARGUMENT OF COUNSEL.—The argument of counsel is largely within the discretion of the trial court.

7. CRIMINAL LAW—ARGUMENT OF COUNSEL.—In a prosecution for possessing an unregistered stillworm, remarks of the prosecuting attorney on matters which were in evidence as to the duty of the jury to reward the efforts of the officers in locating the stillworm found in defendant's possession, and as to their duty as good citizens, *held* not prejudicial.

Appeal from Lawrence Circuit Court, Eastern District; *Dene H. Coleman,* Judge; affirmed.

*W. P. Smith* and *Schoonover & Jackson,* for appellant.

*J. S. Utley,* Attorney General, *John L. Carter, Wm. T. Hammock, Darden Moose* and *J. S. Abercrombie,* Assistants, for appellee.

HART, J. Alfred Rosslot prosecutes this appeal to reverse a judgment of conviction against him for the crime of unlawfully having in his possession a certain stillworm.

The first assignment of error is that the evidence is not sufficient to have warranted the jury in returning a verdict of guilty.

Two deputy sheriffs were the witnesses for the State. According to their testimony, in March, 1923, in company with two other persons, they went out on Cache River to hunt for a still which they had been told was out there. While watching along the river bank, they heard the paddling of a boat about a hundred yards out in

the river from them. They called to the parties in the boat to come to the bank, and they did so. They found three or four barrels floating behind the boat. The parties had a stillworm in the boat, about a half bushel of meal and chops, about fifty pounds of sugar, and a 30-30 Winchester rifle. The defendant and a companion were in the boat, and the defendant had charge of it. When arrested, the defendant told the deputy sheriffs that, while hunting, they ran into a man making whiskey, and that they took possession of his outfit, including the stillworm, and were carrying it to town for the purpose of turning it over to the sheriff. The stillworm which they took from the possession of the defendant and his companion was designed for use in making whiskey. They poured something out of it that smelled like "white mule" whiskey. The boat also had some fruit jars in it. This all happened in the Eastern District of Lawrence County, Arkansas.

The evidence was sufficient to support the verdict. The word stillworm applies to the tube or coil used for the condensation of the vapor which is passed through it from the boiling mash for the purpose of being distilled into whiskey. *Hodgkiss* v. *State,* 156 Ark. 340. It was also decided in that case that it is unlawful, under our statute, to have in possession either a stillworm or a still, without registering the same, regardless of the purpose of having them in possession.

The burden was on the defendant to show that the stillworm was registered. *Clark* v. *State,* 155 Ark. 16.

It is true that the indictment in this case charged the defendant with having a stillworm in his possession for the purpose of using it in the manufacture of distilled spirits. The statute makes it an offense for any one to keep an unregistered stillworm in his possession, regardless of his intention as to its use. But the additional charge, that it was kept for the purpose of being used in the production of distilled spirits, was mere surplusage, and did not affect the validity of the

indictment for keeping an unregistered stillworm. *Earl* v. *State,* 155 Ark. 286.

It follows that the evidence for the State was sufficient to support the verdict.

The next assignment of error is that the court erred in refusing to instruct the jury, at the request of the defendant, that he would not be guilty if he had the stillworm in his possession for the purpose of turning it over to the officers.

We do not think this assignment of error is well taken. The court instructed the jury, in substance, that, if the defendant, in good faith, found the stillworm, and, not knowing its owner, was carrying it to the officers, he would not be guilty. This was all that the defendant was entitled to on this point, and the court was not required to multiply or repeat instructions on the same point.

The next assignment of error is that the court erred in allowing the prosecuting attorney, in his closing argument, to make certain prejudicial remarks to the jury. The court had correctly instructed the jury on the question of reasonable doubt, and defendant insists that the court erred in allowing the prosecuting attorney, in his closing argument, to say the following:

"When the jury heard Mr. Smith harping on a reasonable doubt, and when you hear a lawyer doing that, you know that his client is in the grips of guilt, and I submit to you, gentlemen of the jury, that that don't mean every doubt, it don't mean any doubt, it don't mean all doubt."

The argument of counsel is largely within the discretion of the trial court, and we can see nothing in the remarks quoted above calculated to prejudice the defendant in the minds of the jury. The prosecuting attorney was not stating to the jury any fact which was not in the record, but was merely expressing his opinion from facts which had been proved at the trial.

The next remarks objected to are the following:

"I say to you that these officers went out and watched for them, and spent their time and money, and I don't know how much energy, in trying to locate this contraption that is in this lawsuit. I say to you that when the effort is put forth in trying to do away with such transactions as that, they should be rewarded, because it strikes deep at the citizenship of the land. I say to you, gentlemen of the jury, that you are the judges of this situation; you are jurors who sit impartially upon this case; and when you go out to make up your verdict in this case, I say, I believe you will give this man a penalty that is commensurate with the crime he has committed."

We do not think any prejudicial error resulted from these remarks. Two deputy sheriffs had testified that they had gone down on Cache River to look for a still which had been reported to them. They secured two other persons to go with them. It is fairly inferable that this cost something, and, of course, they spent some time in going and returning. The rest of the argument was merely an admonition to the jury as to what their duties as good citizens required them to do, and remarks of a similar character have frequently been held not to call for a reversal of a judgment of conviction.

We find no reversible error in the record, and the judgment will be affirmed.