## FERREL v. STATE.

Opinion delivered October 13, 1924.

1.  FORGERY—INTENT TO DEFRAUD.—In order to constitute the offense of uttering and publishing a forged writing, it is necessary that there be an intent to defraud, and that there be a knowledge of the falsity of the instrument on the part of the defendant.

2.  FORGERY—INTENT TO DEFRAUD—SUFFICIENCY OF PROOF.—Proof that defendant indorsed another's name to a check payable to the latter, representing himself to be the payee, would not justify an inference that he did not have authority to sign the payee's name as indorser of the check.

Appeal from Jefferson Circuit Court; *T. G. Parham,* Judge; reversed.

*H. Jordan Monk,* for appellant.

*J. S. Utley,* Attorney General, and *John L. Carter,* Assistant, for appellee.

HART, J. Frank Ferrel prosecutes this appeal to reverse a judgment of conviction against him for uttering a forged instrument, in violation of the provisions of § 2460 of Crawford & Moses' Digest.

The main reliance of the defendant for a reversal of the judgment is that the evidence is not legally sufficient to support the verdict.

According to the testimony of C. M. Leavitt, the defendant came into his store and purchased several articles of wearing apparel, and gave in payment thereof a check signed by J. K. Smith, payable to the order of Tom Newton, for the account of Walter Davis. The check was drawn on the Bank of Winchester, at Winchester, Arkansas. The defendant represented himself to be Tom Newton at the time he presented the check in payment, and he indorsed the check "Tom Newton."

It was also shown by the State that the defendant went to J. K. Smith, the drawer of the check, and represented himself to be Walter Davis, and to be living upon the farm of Tom Newton. He said that he was dissatisfied, and wanted to move. He stated further that he owed Tom Newton $47.80 for supplies. J. K. Smith gave him a check for that sum on the Bank of Winchester,

payable to the order of Tom Newton. Smith sent a servant with the defendant to Newton for the purpose of paying Newton and hauling back the defendant's things from there to Smith's farm. After they got near where the defendant said that Newton lived, the defendant left Smith's servant in the truck for the purpose of going to Newton's place by himself. Later the defendant came back, and said that Newton had told him that he would not get out of his chair and go anywhere to get the check. The check was then given to the defendant for the purpose of being delivered to Newton.

In order to constitute the offense of uttering and publishing a forged writing, it is necessary that there be an intent to defraud, and that there be a knowledge of the falsity of the instrument on the part of the defendant. *Elsey* v. *State,* 47 Ark. 572; *Maloney* v. *State,* 91 Ark. 485; and *Rickman* v. *State,* 135 Ark. 298.

Therefore one of the material averments of the indictment is that the defendant uttered and published the forged instrument with fraudulent intent. To establish this averment, it was essential for the State to prove that the defendant knew when he indorsed the check that he had no authority to do so. The only evidence which it can be claimed has any tendency to prove this fact is the circumstance that the defendant falsely represented that he was Tom Newton, the payee of the check. This was not sufficient. It may be that this circumstance would justify the suspicion that the defendant knew the character of the instrument, but it falls short of proving the fact that the defendant did not have the authority of Tom Newton to indorse the check and use it in payment of the goods purchased by him. The defendant did not testify in the case at all, and it did not devolve upon him to introduce evidence tending to disprove any fact material to the establishment of the crime charged against him.

On the other hand, the burden was on the State to prove every material fact charged in the indictment and involved in the commission of the crime, beyond a reason-

able doubt. The mere suspicion of the guilt of the defendant would not meet the requirements of the law. There must be some substantive evidence tending to show his guilt, and the mere fact that he represented himself to be Tom Newton would not justify the inference that he did not have authority to sign Tom Newton's name to the check as an indorser thereof. In short, his representations that he was Tom Newton did not justify the jury in finding that he signed Tom Newton's name as indorser of the check without his authority. Surmise, conjecture, or suspicion cannot take the place of proof.

It follows that the judgment must be reversed, and the cause will be remanded for a new trial.