Kyzer and Lackey *v.* State.

Opinion delivered February 11, 1929.

1168

N. A. McDaniel, X. O. Pindall, Troy W. Lewis and *Clayton Freeman,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

McHANEY, J. Appellants were jointly indicted in two indictments, one for making mash and one for possessing a still. The two cases were consolidated by agreement, and the consolidated trial resulted in a verdict and judgment against them, by which they were sentenced to the penitentiary for one year on each indictment. Several errors are assigned for the reversal of these judgments.

1. That the indictments seek to enforce statutes combining a dual sovereignty, each foreign to the other, making it criminal in one to do an act without complying with the requirements of the other. One indictment charges that they "did unlawfully and feloniously make and ferment a large quantity of mash, wort or wash fit to be used in the distillation, making and the manufacturing of alcoholic, vinous, malt, spirituous and fer-

mented liquors, * * * not being persons then and there authorized under the laws of the United States to manufacture sweet cider, vinegar, non-alcoholic beverages or spirits for other than beverage purposes.'' The other indictment charges that they ''did unlawfully and feloniously have and keep in their possession a certain still for the purpose of using same, and which, when set up, might be used for the production of distilled alcoholic spirits, without having registered said still with the proper United States officers.''

It is argued that there is no authority in the State to enact act 324 of the Acts of 1921, page 372, the authority under which these indictments were returned, because neither the Volstead act nor the Eighteenth Amendment to the Constitution of the United States authorizes such legislation. A sufficient answer to this contention is that the State's right to enact such legislation as contained in the act of 1921 is not dependent upon either the Eighteenth Amendment or the Volstead act. But, even if it were so dependent, the second section of the Eighteenth Amendment specifically provides that ''the Congress and the several States shall have concurrent power to enforce this article by appropriate legislation.''

In *U. S.* v. *Lanza,* 260 U. S. 377, 43 S. Ct. 141, the Supreme Court of the United States held directly to the contrary of appellant's contention. It was there held that both the Congress and the several States might pass such prohibitive legislation, carrying into effect the amendment, as might seem proper. Mr. Chief Justice TAFT, speaking for the court, said:

''To regard the amendment as the source of the power of the States to adopt and enforce prohibition measures is to take a partial and erroneous view of the matter. Save for some restrictions arising out of the Federal Constitution, chiefly the commerce clause, each State possessed that power in full measure prior to the amendment, and the probable purpose of declaring a concurrent power. to be in the States was to negative

any possible inference that, in vesting the national government with the power of countrywide prohibition, State power would be excluded. In effect, the second section of the Eighteenth Amendment put an end to restrictions upon the State's power arising out of the Federal Constitution, and left her free to enact prohibition laws applying to all transactions within her limits. To be sure, the first section of the amendment took from the States all power to authorize acts falling within its prohibition, but it did not cut down or displace prior State laws not inconsistent with it. Such laws derive their force, as do all new ones consistent with it, not from this amendment, but from power originally belonging to the States, preserved to them by the Tenth Amendment, and now relieved from the restriction heretofore arising out of the Federal Constitution. This is the *ratio decidendi* of our decision in *Vigliotti* v. *Pennsylvania,* 258 U. S. 403, 66 L. ed. 686, 42 Sup. Ct. Rep. 330. We have here two sovereignties deriving power from different sources, capable of dealing with the same subject-matter within the same territory. Each may, without interference by the other, enact laws to secure prohibition, with the limitation that no legislation can give validity to acts prohibited by the amendment. Each government, in determining what shall be an offense against its peace and dignity, is exercising its own sovereignty, not that of the other. It follows that an act denounced as a crime by both national and State sovereignties is an offense against the peace and dignity of both, and may be punished by each.''

Many convictions have been sustained by this court on indictments drawn under authority of the act of 1921, from *Logan* v. *State,* 150 Ark. 486, 234 S. W. 493, down to the present case.

2. It is further argued that the indictments do not charge the statutory offense in the language of the statute, or in language of equal import. One of counsel for appellants, in oral argument, conceded that, as to the indictment for making mash, his contention was

erroneous, for the indictment does charge that the mash so made was "fit for and to be used in the distillation" of liquor. But it is contended as to the other indictment, charging the unlawful possession of a still, that it is defective in charging, as it did, that they had and kept "in their possession a certain still for the purpose of using same, and which, when set up, might be used for the production of distilled alcoholic spirits," etc., does not charge the offense in the language of § 2 of the above mentioned act, nor in language of equal import. Section 2 of the act reads as follows:

"No person shall keep in his possession any still-worm or still, without registering the same with the proper United States officer, and no person shall set up to be used as a distillery, any stillworm or substitute therefor, and a still or substitute therefor, such as a kettle, washpot, metal tank, or any other vessel of any kind, for the purpose of using same, or which, after being so set up, may be used for the production of distilled spirits."

The indictment really charged more than was necessary to be charged in order to state an offense under the above section. The above section makes it unlawful for any person to keep in his possession any stillworm or still without registering the same with the proper United States officer. The mere possession of a still, whether set up or otherwise, and regardless of the intent with which it is possessed, is made an offense by said act. But we think the language used in the indictment charges the offense substantially in the language of the statute, or at least in words of equal import, and that appellants' contention in this regard should be overruled. *Rosslot* v. *State,* 162 Ark. 340, 258 S. W. 348; *Earl* v. *State,* 155 Ark. 286, 244 S. W. 333.

3. It is next argued that the appellants were substantially prejudiced by being compelled to testify against themselves as to other offenses. Appellants were witnesses in their own behalf, and on cross-examination they were asked if they had not recently pleaded guilty

before a United States Commissioner to the offense of possessing or transporting whiskey. They both admitted that they had, over their objections. There was no error in this regard, as the court specifically stated that it went to their credibility, and their admission could not be used against them as affirmative testimony to prove their guilt of the offense charged. *Shinn* v. *State,* 150 Ark. 215, 234 S. W. 636.

Several other contentions are made by appellants for a reversal of the case, all of which we have examined carefully, and do not find them to be meritorious. We think it would serve no useful purpose as a guide in future cases to discuss these questions separately.

We find no error, and the judgment is affirmed.