SMITH *v.* STATE.

Opinion delivered February 2, 1931.

*J. D. Benson,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

McHaney, J. Appellant was convicted on a charge of manufacturing liquor and sentenced to one year in the penitentiary. For a reversal of the judgment and sentence against him he urges the following assignments of error:

1. That the court erred in permitting the State's witness Jacobs to testify that appellant had testified in the examining trial that he had bought the liquor (home brew) and did not make it. Conceding that it was erroneous, it was harmless, as appellant so testified himself in the circuit court. We fail to see where appellant was prejudiced by the testimony of witness Jacobs.

2. That the court erred in refusing to permit his witness, Dr. Higgins, to testify that he had prescribed home brew for appellant's wife. No error was committed in so ruling. Appellant's defense was that he bought the home brew and did not manufacture it, and we are unable to see how the fact that Dr. Higgins had prescribed it for appellant's wife would throw any light on his guilt or innocence of the charge.

3. That the court erred in permitting the prosecuting attorney to ask appellant's witness Burns, on cross-examination, about the number of times he had been arrested, and about the raiding of his father's house by the officers. There was no error in this regard as the prosecuting attorney had the right to ask the witness about these matters on cross-examination as they tend to test his credibility as a witness. *Wilson* v. *State,* 177 Ark. 885, 7 S. W. (2d) 969.

4. That the court erred in refusing to permit appellant to prove that witnesses for the State had caused him to be arrested by Federal authorities on the same charge, and that a prosecution was then pending against him in the Federal court. This offered evidence was inadmissible. The circuit court had jurisdiction of appellant, and the fact that a case was pending against him in the Federal court for the same offense did not tend to show or prove his innocence of the charge, but rather that other prosecuting officials believed in his guilt. Both

jurisdictions may try, convict and punish for the same offense. *Kyser and Lackey* v. *State,* 178 Ark. 1167, 13 S. W. (2d) 603.

5. Finally, that the verdict is not supported by the evidence. It is undisputed that the officers found 10 or 12 gallons of home brew in appellant's house, that it was about ready to bottle, that about 60 quart bottles were found freshly washed, ready to receive the brew, that a number of bottle caps and a capping machine were also at hand. When appellant was arrested, he admitted that he made the brew for his sick wife. He now says that he bought it, and produced some witnesses who say they were present and saw him buy it. The jury did not believe appellant and his witnesses. The above evidence was amply sufficient to support the verdict, and this court does not pass on the weight of the evidence nor the credibility of the witnesses. Affirmed.