SUTTON *v.* STATE.

Crim. 3938

Opinion delivered July 1, 1935.

*John F. Clifford,* for appellant.

*Carl E. Bailey,* Attorney General, and *Guy E. Williams,* Assistant, for appellee.

JOHNSON, C. J. By apt averments appellant was indicted by the Pulaski County grand jury for the crimes of forgery and uttering a forged instrument as defined by §§ 2460 *et seq.,* of Crawford & Moses' Digest. Upon trial to a jury appellant was acquitted of the charge of forgery but was convicted of uttering a forged instrument as charged in the second count of the indictment, and his punishment assessed at five years in the State penitentiary, from which this appeal comes.

Appellant contends that the testimony is insufficient to support his conviction. The pertinent testimony adduced by the State and upon which appellant's conviction rests was to the following effect: That on August 4, 1934, appellant was called upon by W. A. Goad, Jr., a son of W. A. Goad, Sr., deceased, for a showing in reference to payments of rentals by appellant upon certain premises occupied by appellant situated in Little Rock which belonged to the estate of the said W. A. Goad, Sr., deceased. In response to this request appellant delivered to W. A. Goad, Jr., who was the administrator of the estate of W. A. Goad, Sr., deceased, the following receipt purporting to have been signed by W. A. Goad, deceased, namely:

"June 11, 1934, received of R. K. Sutton eighty dollars ($80) for four (4) months rent in advance on cafe located at 2317 Wright Ave., Little Rock, Arkansas, rent to begin when all utilities are connected. W. A. Goad."

The testimony established that this receipt did not and does not bear the genuine signature of W. A. Goad, deceased.

This testimony falls far short of establishing appellant's guilt of uttering a forged instrument. In the early case of *Elsey* v. *State,* 47 Ark. 572, 2 S. W. 337, we announced the material elements constituting uttering and publishing of a forged writing to be an intent to defraud and knowledge of the falsity of the instrument uttered.

We there said: "To constitute the offense of uttering and publishing a forged writing, it is necessary that there be an intent to defraud, and that there should be a knowledge of the falsity of the document. A receipt may be uttered by the mere exhibition of it to one with whom the party is claiming credit for it, though he refuse to part with the possession."

For the purposes of this opinion, we concede that the testimony adduced by the State establishes that the receipt mentioned in the indictment and heretofore set out did not bear the genuine signature of W. A. Goad, deceased, and is a forged instrument, but it does not follow from this that the crime of uttering or publishing said instrument by appellant had been established. Under the rule of law heretofore stated, it is equally as important that appellant's intent to defraud and his knowledge of the falsity of the instrument at the time of its uttering be established by testimony as it is to show that the instrument is a forgery.

Testimony on behalf of the State establishing the intent of appellant to defraud by the uttering of said instrument is wholly lacking in this record. No witness testified that appellant owed W. A. Goad, deceased, or his estate $80 or any other sum of money at the time this alleged forged receipt was uttered and published. If appellant did not owe W. A. Goad, deceased, or his estate any sum of money, certainly the presentation of such receipt to W. A. Goad, Jr., was not fraudulent.

The burden rested upon the State to establish appellant's guilt beyond a reasonable doubt, and this it wholly failed to do.

For the reasons stated, the cause is reversed and remanded for a new trial.