MATHIS *v*. STATE.

Crim. 3974

Opinion delivered January 13, 1936.

*C. R. DuVall* and *M. L. Reinberger*, for appellant.

*Carl E. Bailey,* Attorney General, and *Guy E. Williams,* Assistant, for appellee.

JOHNSON, C. J. Appellant Wylie Mathis was duly indicted, tried and convicted in the Grant County Circuit Court for the crime of grand larceny and was assessed punishment of 18 months in the State penitentiary therefor from which comes this appeal.

Over appellant's objections and exceptions a witness, Duff Stuckey, was interrogated by the prosecuting attorney and by the court required to answer the following questions:

"Q. In 1921, what kind of spell was that? Did he get into a scrape? A. No, sir. Q. Was he tried then for stealing a yearling? Objected to, objection overruled, exceptions saved. Q. He was tried for the same kind of crime? Objected to, objection overruled, exceptions saved. A. Not the same crime, he had a trial."

The purpose and effect of this line of testimony was to show that the appellant was in 1921 judicially accused of stealing a yearling, a similar crime to that for which

he was upon trial. This testimony was not only inadmissible, but highly prejudicial to appellant's legal rights.

The general rule is that an offense cannot be established by proof of another offense unless the two are so related and connected as to form a part of one and the same transaction. *Wilson* v. *State,* 184 Ark. 119, 41 S. W. (2d) 764, and authorities there cited. Moreover, were the prior accusation in 1921 admissible as evidence against the accused in this action, it cannot be established by parol evidence. We have always held that matters which should appear of record cannot be established by parol evidence. *Gibney* v. *Crawford,* 51 Ark. 34, 9 S. W. 309; *Morris* v. *Dooley,* 59 Ark. 483, 28 S. W. 30-430; *Gregory* v. *Bartlett,* 55 Ark. 30, 17 S. W. 344; *Martin* v. *Allard,* 55 Ark. 218, 17 S. W. 876.

The trial court also erred in permitting the prosecuting attorney to interrogate appellant on cross-examination in reference to the alleged accusation of theft in 1921. The long-established rule in this jurisdiction is that a witness cannot be interrogated on cross-examination in reference to previous indictments or mere accusations of crime for the purpose of impeachment. *Morrison and Neely* v. *State,* 87 S. W. (2d) 50; *Kennedy* v. *Quinn,* 166 Ark. 509, 266 S. W. 462, and cases there cited.

For the error indicated, the cause will be reversed, and remanded for a new trial.