HICKS *v.* STATE.

Criminal 4098                    120 S. W. 2d 321.

Opinion delivered October 10, 1938.

*J. E. Ray,* for appellant.

*Jack Holt,* Attorney General, and *John P. Streepey,* Assistant, for appellee.

GRIFFIN SMITH, C. J. Roy Hicks and his wife operated a small grocery store and filling station at Stuttgart, owned by the latter. Information was filed by the prosecuting attorney charging Hicks with the crime of knowingly receiving stolen property, etc. Upon conviction the defendant was sentenced to two years in the penitentiary.

More than a dozen alleged errors are assigned as grounds for reversal, some of which arose by reason of the circumstance that appellant's brother was tried and convicted of a felony in the same court the day before appellant was tried, and some of the same jurors of the regular panels served in both cases. Inasmuch as this

situation will probably not occur again, errors predicated upon such allegations of prejudice will not be discussed.

The judgment must be reversed because of a prejudicial error which seems to have been inadvertently made.

While appellant was being cross-examined the following occurred:

Question by the prosecuting attorney: "This isn't the first time you have been tried for handling stolen goods?"

Appellant's attorney: "We object to the question."

The Court: "You can ask him if he has ever been convicted. That goes to his credibility as a witness only."

Prosecuting attorney: "You have been arrested before? A. Yes, sir. Q. How many times?"

Appellant's attorney: "We object to the question."

The Court: "The objection is overruled."

Appellant's attorney: "Note our exceptions."

Prosecuting attorney: "How many times have you been arrested for stolen property? A. Two or three times."

The objection was renewed, and exceptions saved.

In *Morrison* v. *State,* 191 Ark. 720, 87 S. W. 2d 50, we said:

"The only question in the case which gives us any concern is the ruling of the court in requiring the defendant, Morrison, when testifying in his own behalf, to answer how many times he had been arrested. In the case of *Kennedy* v. *Quinn,* 166 Ark. 509, 266 S. W. 462, it was said: 'We have frequently and recently decided that a witness cannot be interrogated on his cross-examination for purpose of impeachment concerning indictments or mere accusations of crime. He may be asked if he was guilty or was convicted, but he cannot be asked if he was indicted or accused.' It is therefore not proper, ordinarily, to ask a witness on his cross-examination whether he has been arrested for the commission of a crime. . . . While we think this question was not competent in the instant case, we do not think its admission was error calling for the reversal of the judgment. The witness explained fully that, while he had been twice arrested, neither arrest had any relation to the offense

charged in the indictment. He stated that both arrests were unjust, and that both were dismissed without a trial. His answer to these collateral questions was, of course, conclusive of that inquiry."

In the case at bar the defendant did not explain that the "two or three arrests" to which he had been subjected were unjust, or that the charges were dismissed, or that the accusations bore no relationship to the crime for which he was then being tried. On the contrary, he replied that he had been arrested "for [receiving] stolen property."

The trial judge correctly declared the law when he ruled that the witness might be asked if he had ever been convicted. Apparently the court did not notice that the word "arrested" had been repeated, and the prosecuting attorney probably unintentionally used the word "arrested" when he should have said "convicted."

However, the record shows that the objectionable question was improperly submitted to the jury.

The judgment is reversed, and the cause is remanded for a new trial.