FRANKIE INKLEBARGER v. STATE OF ARKANSAS

5721                                          481 S.W. 2d 750

Opinion delivered July 3, 1972

*Donald Poe* and *Donald Goodner*, for appellant.

*Ray Thornton*, Atty. Gen., by: *Jay N. Tolley*, Asst. Atty. Gen., for appellee.

CARLETON HARRIS, Chief Justice. Frankie Inklebarger brings this appeal from a conviction of indecent exposure. Several points are alleged for reversal which we proceed to discuss.

It is first asserted that the court should have instructed a verdict of not guilty, this contention really being that there was not sufficient evidence to sustain the conviction. We disagree. Vicky Crowley, 14 years of age, testified that as she was fixing to cross a street near the McConnell Funeral Home in Booneville, a yellow and black Dodge passed and stopped. As she proceeded along Main Street on the sidewalk, this man raised up, exhibiting his privates. Vicky, who was riding a bicycle, then went around the car, but he started up and again passed her, stopping the automobile, and apparently waiting on her to come up to where he had stopped. However, she reached her home before arriving at that point, and went into the house and told her mother. The driver of the automobile then drove back in front of the house, and looked into it, both the daughter and mother seeing him. Vicky identified Inklebarger as the man who had exposed himself. According to the evidence, the act of exposure occurred around 11:30 a.m. Other evidence reflected that Inklebarger drove a yellow and black Dodge. As his defense, Inklebarger offered an alibi, i.e., he was taking a nap at a friend's home from about 11:00 a.m. until approximately 1:00 p.m. on the date of the alleged offense. This alibi was corroborated by three other witnesses. Of course, we have said so many times as to need no citation of authority, that the jury is the fact finder, and we do not disturb their findings on fact issues, unless there is no substantial evidence to support the verdict. The testimony of Vicky was sufficient to sustain the conviction, and we find no merit in this point.

Complaint is made that the information was deficient in that it failed to disclose certain pertinent facts, *viz*, the names of the witnesses, the approximate time of the

offense, and the date of the offense. The information was amended to supply these defects prior to the jury being sworn and the trial court made a record thereof. If there had been any defect in the information, it was cured by this action. See *Murray v. State,* 249 Ark. 887, 462 S.W. 2d 438. It is also mentioned that the name of one of the witnesses, an officer, was not furnished. It appears that a mistake was made in giving the name of the officer, but certainly no prejudice resulted for the officer only testified that the man was pointed out to him as having passed the Crowley house.[1] He knew nothing at all about the alleged offense, and he said that Inklebarger was not doing anything out of the ordinary when he observed him; that appellant was driving at a normal rate of speed and did not try to get away from him (the officer) in any way.

It is also contended that reversible error was committed during the cross-examination of Inklebarger's wife. The record reflects that the prosecuting attorney asked Mrs. Inklebarger the question "You do know that he has a problem, this Inklebarger?" An objection was made by counsel and this objection was sustained by the court. Certainly, under these facts no error was committed. Finally, it is contended that reversible error was committed during cross-examination of the appellant. The prosecuting attorney asked appellant if he had been convicted in April for indecent exposure. Counsel moved for a mistrial which motion was denied. Inklebarger first answered that he was charged with that offense, but when again asked "Were you convicted of it?", replied, "Yes". He was also asked if he had not exposed himself to another female member of the community about a year ago. Appellant replied "No, sir." There was no error in these proceedings. The court, in overruling the objection, stated that the prosecuting attorney had a right to ask appellant about these acts as affecting the credibility of the witness, and we have so held numerous times. It is true that one cannot be asked if he has been charged, or indicted, or accused, of other crimes, but we have upheld the right of the prosecuting attorney, as a matter of going to the credibility of the witness, to ask a defendant if he

[1]The officer also explained to Mrs. Crowley the procedure to follow in obtaining a warrant.

has been convicted of other acts, or if he committed other acts. See *Johnson* v. *State*, 236 Ark. 917, 370 S.W. 2d 610, and cases cited therein.[2]

Finding no reversible error, the judgment is affirmed.

---

[2]Actually, the offense being an "unnatural" sex offense, the evidence may well have been admissible during the state's presentation of its case. See *Ward* v. *State*, 236 Ark. 878, 370 S.W. 2d 425, and cases cited therein.