## PRICE *v.* STATE.

### Opinion delivered February 18, 1907.

1. APPEAL—HARMLESS ERROR.—Appellant can not complain of the leniency of the jury in convicting him of a lesser crime than was warranted by the evidence. (Page 27.)

2. SAME.—The admission in a murder case of incompetent evidence tending to show that the killing was malicious and premeditated was not prejudicial where the jury convicted defendant of involuntary manslaughter. (Page 27.)

Appeal from Washington Circuit Court; *E. S. McDaniel,*
Special Judge; affirmed.

*Wm. F. Kirby,* Attorney General, and *Daniel Taylor,* for
appellee.

There is error in this record, but none of which appellant
can complain. The evidence was amply sufficient to sustain a
conviction for a higher degree of homicide, but none whatever
upon which to base an instruction warranting a verdict of in-
voluntary manslaughter. 80 Ark. 225. An accessory is he who
stands by, aids, abets or assists, or  *  *  *  hath advised and
encouraged the prosecution of the crime. Kirby's Digest, § 1560.
In cases of felony, such persons are deemed principal offenders
and indicted and punished as such. *Ib.* § 1563.

Any evidence is admissible on the trial of the accessory
which would be admissible on the trial of the principal, tending
to show the guilt and the degree of guilt of the principal. 59
Ark. 422; 2 Bishop, Cr. Pr. § 13; 1 Enc. Ev. 74; 9 Tex. App.
435; 6 Baxter (Tenn.), 244.

McCULLOCH, J. Appellant, Alex Price, was indicted for
murder in the second degree, and convicted of involuntary man-
slaughter. He and his son, Will Price, were jointly indicted,
being accused of killing one Squire Wallace, and appellant was
tried separately. Wallace was shot and killed by Will Price at
the home of the former, and there was evidence tending to show
that appellant was present and encouraged the commission of the
homicide. On the night of the killing Wallace gave a dance at
his house, his friends and neighbors being in attendance. Appel-
lant and his son and other members of his family were present
by invitation and participated in the festivities of the occasion.
Appellant was drinking quite freely, and became intoxicated.
He and Wallace appeared to be friendly. They drank together,
and some of the witnesses say that they danced a jig or two
together. Appellant first became involved in an altercation with
one Fields, and was boisterous and profane. Deceased remon-
strated with him, and, when he refused to desist from using pro-
fane language, he ordered him to leave the house. Appellant
refused to go, exclaimed that his name was Price, and that he
could whip any man there. He went out of the house, however,

continuing his boisterous and profane language, and deceased went out with a stick in his hand.

There was some evidence that deceased struck appellant with the stick. About this time Will Price, having got a gun from a pig-pen where he had secreted it, fired a shot at deceased, missing him the first shot, when appellant called out: "Shoot him again, Bill; shoot him again." Will Price then fired again at deceased, this time inflicting a fatal wound. There was some conflict in the evidence as to who was the aggressor in the altercation between appellant and deceased, and whether or not appellant told his son to shoot; but there was sufficient evidence to sustain the finding that appellant was the aggressor, and that he repeatedly told his son Will to shoot deceased.

The evidence was sufficient to have warranted a conviction of murder in the second degree as charged in the indictment, but appellant can not complain of the leniency of the jury in convicting him only of involuntary manslaughter. *Benton* v. *State*, 78 Ark. 284; *Burnett* v. *State*, 80 Ark. 225.

The testimony shows that Will Price brought the gun to the dance and hid it in a pig-pen near by. Error of the court is assigned in permitting one witness to testify that he heard Will Price, in the absence of appellant, say that he brought the gun because he expected trouble, and another witness to testify that he heard Will Price say that he brought the gun because he thought he might need it. Both of the statements were said to have been made before the killing and on the same night. There was little or no evidence tending to show a previously formed conspiracy between appellant and his son Will, and it is doubtful whether evidence of the previous statements of Will Price made in the absence of appellant were competent. But the evidence was not prejudicial to appellant. Its only tendency was to establish premeditation and malice on the part of Will Price, and the jury have acquitted appellant of any guilty participation in a malicious and premeditated homicide. The evidence is undisputed that Will Price had the gun, and that he shot deceased with it. The only connection appellant is shown to have had with the killing is that he encouraged the commission of the crime by telling his son to shoot. So the evidence objected to added nothing to the strength of the case against appellant as to the crime of

manslaughter, and the same was not prejudicial, as the jury acquitted him of a higher offense.

Numerous other assignments of error are made by appellant in his motion for new trial, but as his counsel have not favored us with a brief or argument we are not advised as to which ones are especially relied upon as grounds for reversal. We have, however, considered them all, and find none to be well founded or of sufficient importance to call for discussion. After consideration of the record we are convinced that appellant had a fair trial, and that his conviction was fully warranted by the law and the evidence.

Affirmed.