CROFTON *v.* STATE.

Opinion delivered May 24, 1920.

1. HOMICIDE—SUFFICIENCY OF EVIDENCE.—Evidence *held* to sustain verdict of murder in the second degree.

2. WITNESS—IMPEACHMENT OF ONE'S OWN WITNESS.—In a murder trial in which accused claimed that the killing was done to save his brother's life, where a State's witness testified that deceased had a knife and struck defendant's brother with it before defendant fired the first shot, the State, being surprised by such testimony, had a right to ask the witness if in testifying before the grand jury he had said anything about deceased having a knife.

3.  HOMICIDE—DYING DECLARATIONS.—In a murder trial deceased's
dying declarations, made after expressing a belief that he would
die, *held* admissible.

Appeal from Howard Circuit Court; *James S. Steel,*
Judge; affirmed.

*John D. Arbuckle,* Attorney General, and *Silas W.*
*Rogers,* Assistant, for appellee.

1. A close inspection of the record discloses no er-
ror in the instructions. The question of the mediate or
immediate cause of the death of the deceased was prop-
erly covered by instructions Nos. 11 and 14 and the
refusal of that asked was not prejudicial.

2. There was no error in the admission of evidence
of R. D. Johnson or Georgiana Owens or Ebbie Crofton
and the evidence fully sustains the verdict.

McCULLOCH, C. J. Appellant was convicted of
murder in the second degree on an indictment charging
him with killing Frank Owens on February 20, 1917.
The trial jury found defendant guilty of the crime
charged in the indictment and fixed his punishment at
five years in the State penitentiary. An appeal was
duly prosecuted to this court, but there has been no ap-
pearance of counsel in his behalf.

There were very numerous exceptions saved with
respect to rulings of the court in admitting testimony
offered by the State, and also with respect to giving and
refusing instructions.

Appellant and Frank Owens were both young negro
men and the shooting occurred when they, with other
negroes, were returning from a singing school at Tol-
lett, in Howard County, on the night of February 20,
1917. Owens and Ebbie Crofton, a brother of appellant,
quarreled about their attentions to a girl and became
engaged in a fight, and while so engaged appellant ran
up and began firing at Owens with a pistol. According
to the testimony adduced by the State, appellant ran up
to the place where Owens and Ebbie Crofton were scuf-
fling and fired one shot at Owens and Owens ran away

and appellant fired at him two or three times as he ran. One of the shots took effect in Owens' back and pierced his body through and through, coming out in front near the nipple of one of his breasts.

There is some conflict in the testimony as to the row between Owens and Ebbie Crofton and its progress up to the time appellant came up and fired the first shot. There was evidence to the effect that Owens was the aggressor in the difficulty, and that he had a knife in his hand and was endeavoring to use it on Ebbie Crofton. Appellant testified that they were returning from the singing school and walking through a certain pasture when he was told that his brother, Ebbie, and Frank Owens were engaged in a fight, that Hence Burk, one of his companions, handed him a pistol and that he ran up to the scene of the fight, and, seeing his brother down on his all-fours and Owens astride of him, he fired the pistol one time at Owens. He testified that, after firing the first shot, Burk took the pistol and fired several times at Owens as he ran away. He testified that he was about thirty yards behind his brother and Owens when they were engaged in the fight and that he heard his brother cry out asking some one to "take him off. He is killing me."

The evidence was sufficient to sustain the verdict. That adduced by the State was sufficient to show that appellant's brother was not in great bodily harm at the time and that appellant ran up to the scene of the fight and fired once at Owens while the fight was going on and again fired at him two or three times as he ran away. The jury could, under the testimony, have found appellant guilty of a lower degree of homicide, but the evidence was sufficient to warrant a conviction of murder in the second degree as charged in the indictment.

The assignments of error are, as before stated, very numerous, and it is unnecessary to discuss them all. The instructions of the court were full and complete and seem to have followed the usual form of instructions

in such cases. We have not been able to discover in our examination of the transcript any error in the rulings of the court in regard to the giving and refusing of instructions.

One of the rulings assigned as error is in permitting the State to ask one of its witnesses, R. D. Johnson, concerning his statement before the grand jury. Johnson was introduced as a witness and testified that he was present when the fight occurred between Frank Owens and Ebbie Crofton, and he stated that Owens had a knife and struck Ebbie on the head with it. He further testified that Owens ran off down the hill and that appellant fired at him two or three times as he ran away. The prosecuting attorney was permitted, over the objections of appellant's counsel, to ask concerning his statements before the grand jury. He was asked if, in his testimony before the grand jury, in detailing the circumstances of the fight whether he had said anything about Owens having a knife. The witness admitted that he had made no reference to a knife in his testimony before the grand jury. The State had the right, on being surprised at the testimony of its own witness, to show contrary statements before the grand jury for the purpose of breaking down the damaging testimony of the witness and impeaching his credibility. This is so where a party gives damaging testimony to the side which introduced him on the witness stand. *Doran* v. *State,* 141 Ark. 442. That was the case here. While the testimony of the witness was favorable to the State's contention in many respects, he made the damaging statement that Frank Owens had a knife at the time and was using it on Ebbie Crofton at the time appellant ran up and fired the first shot.

Another assignment of error is in respect to the ruling of the court in allowing Georgiana Owens, the mother of Frank Owens, to testify as to the dying declarations of Owens. Owens lived about four months after he was shot and died from the effects of the wound, and at times he was hopeful of recovery, but afterward entirely

despaired of all hope and expressed his belief that he would die. His mother testified to certain statements made to her by deceased after he expressed to her his belief that he would die. We are of the opinion that, taking her testimony as a whole, there was enough to show that the statements were made at the approach of death and under the belief that death was impending. The testimony falls within rules of evidence often announced by this court. *Evans* v. *State,* 58 Ark. 47.

We are unable to discover any prejudicial error in the record, and the judgment must therefore be affirmed. It is so ordered.