GARRISON v. STATE.

. Opinion delivered April 25, 1921.

1. INTOXICATING LIQUORS—INDICTMENT—NAME OF PURCHASER.—An indictment for illegally selling whiskey need not name the person to whom the alleged sale was made.

2. WITNESSES — IMPEACHING ONE'S WITNESS.—Under Crawford & Moses' Digest, § 4186, prohibiting a party from impeaching the character of a witness produced by him, but allowing such witness to be contradicted with other evidence and by showing that he has made statements different from his present testimony, the prosecuting attorney can ask a witness for the State, who testified that no sale of whiskey was made in his presence, whether he had not stated to the prosecuting attorney that morning that he was present when the sale was made, and the testimony of the witness, in reply to such question, that he made that statement, was admissible.

**8.** CRIMINAL LAW — CROSS-EXAMINATION OF ACCUSED.—It was not prejudicial error to permit the prosecuting attorney to cross-examine the accused as to whether he had been making whiskey for three years, and whether the neighbors were getting tired of his conduct, where accused answered both questions in the negative.

Appeal from Newton Circuit Court; *J. M. Shinn,* Judge; affirmed.

*Guy L. Trimble,* for appellant.

The indictment is insufficient because it does not show the name of the purchaser of the whiskey. 13 Ark. 703; 68 *Id.* 188; 47 S. W. 1015. Only two witnesses testified to the sale, and one of these was discredited, and that discredited the other, and the verdict is not supported by any evidence.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

1. The indictment was not insufficient because it did not name the purchaser of the liquor (125 Ark. 47), and that objection should be overruled. The law has been changed. A party may now impeach his own witness where it is indispensible. C. & M. Digest, § 4186.

If the witness was impeached, his credibility was a question for the jury, and if believed by the jury it was sufficient to sustain the verdict. 36 Ark. 653; 32 *Id.* 220.

2. The evidence sustains the judgment.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the Newton Circuit Court for selling whiskey, and, as a punishment therefor, sentenced to the State penitentiary for a term of one year. From that judgment is this appeal.

The indictment was assailed in the trial court on the ground that it did not name the person to whom the alleged illegal sale of intoxicating liquors was made. Over the objection and exception of appellant, the court sustained the indictment, and it is contended that reversible error was committed in doing so. The conten-

tion is made that, since the offense has been raised to the grade of a felony, it is necessary to allege the name of the purchaser in the indictment, so as to inform the accused of the particular charge he is called to meet. The identical point raised here was before the court in the case of *McNeil* v. *State*, 125 Ark. 47, at which time the court ruled adversely to the contention of appellant. Appellant suggests that this was not a well-considered case, and should be overruled. Subsequent consideration of the rule announced in that case convinced us of its soundness, and it was reaffirmed. *Springer* v. *State*, 129 Ark. 106.

Appellant's next insistence for reversal is that Ober Martin, a witness for the State, was permitted to testify contrary to the first testimony given by him. Dewey Martin, the main prosecuting witness, testified that he bought whiskey from appellant at appellant's home in the presence of Ober Martin. When Ober Martin was placed on the stand by the State, he first testified that Dewey Martin never purchased the whiskey from appellant in his presence, but that Dewey Martin stopped at appellant's home, and, after he came out, witness saw him with some whiskey. Over the objection and exception of appellant, the prosecuting attorney was permitted to ask Ober Martin whether he had not admitted to him, in a conversation that morning, that he was present when Dewey Martin purchased the whiskey from appellant. Ober Martin admitted making the statement, and then testified that he was present when his cousin, Dewey Martin, purchased the whiskey from appellant. Appellant insists that this was an impeachment or contradiction of the State's own witness in a manner contrary to section 4186 of Crawford & Moses' Digest, which is as follows:

"The party producing a witness is not allowed to impeach his credit by evidence of bad character, unless it is a case in which it was indispensable that the party should produce him; but he may contradict him with

other evidence, and by showing that he has made statements different from his present testimony."

This statute, if applicable in criminal cases, allows the party producing the witness, if surprised and prejudiced by the statement made, to show that he had made a different statement from his present testimony. *Doran* v. *State,* 141 Ark. 442. The fact first testified to by Ober Martin was a surprise and prejudicial to the State. Therefore, the question propounded by the prosecuting attorney to the witnesses as to whether he had not made a different statement was clearly admissible as laying the foundation for a contradiction. *Jonesboro, Lake City & East. Rd. Co.* v. *Gainer,* 112 Ark. 477. Of course, it was unnecessary to prove the contradictory statement by other witnesses after Ober Martin admitted making a different statement from that to which he had testified.

Appellant's last insistence for reversal is that the court, over the objection and exception of appellant, permitted the prosecuting attorney to cross-examine him as follows:

"Q. Now, isn't it a fact that you have been making whiskey for three years?

"A. No, sir; I haven't made a drop of whiskey or sold a drop of whiskey.

"Q. As a matter of fact, aren't people out there getting mighty tired of the way you are doing?

"A. No, sir; I don't. * * *"

The appellant answered the questions in the negative, so no prejudice resulted to him on this account.

No error appearing in the record, the judgment is affirmed.