## COLBERT v. STATE.

Opinion delivered November 27, 1922.

1. HOMICIDE—MANSLAUGHTER—SUFFICIENCY OF EVIDENCE.—In a prosecution for murder in second degree evidence *held* sufficient to support a conviction of involuntary manslaughter.

2. CRIMINAL LAW—NEW TRIAL—INCOMPETENCY OF JUROR.—Where one who had served on the grand jury which returned an indictment against defendant was accepted as a petit juror after he had stated that he had not formed or expressed an opinion as to defendant's guilt or innocence, and knew nothing about the facts in the case, such fact did not constitute ground for new trial, though not discovered by defendant until after the verdict was rendered, where the juror was not asked on his *voir dire* whether he had served on the grand jury, and the record fails to show that the juror attempted to perpetrate a fraud by stating that he had formed no opinion and knew nothing about the facts in the case.

Appeal from Boone Circuit Court; *J. M. Shinn,* Judge; affirmed.

*E. G. Mitchell,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *Wm. T. Hammock,* Assistants, for appellee.

HUMPHREYS, J.   Appellant was indicted in the Boone Circuit Court for murder in the second degree for shooting and killing Arthur Coker.   He was tried on said charge, convicted of involuntary manslaughter, and punished by imprisonment in the State Penitentiary for one year.

From the judgment of conviction an appeal has been duly prosecuted to this court.

The facts leading up to the tragedy, as revealed by the record, are, in substance, as follows:  Appellant, in company with others, had made a trip to Searcy County, and while there procured about twenty gallons of moonshine whiskey, which was brought back and stored near Harrison.   Early in the afternoon, before the killing occurred, Arthur Coker took appellant and two others in his car to the place where the liquor had been deposited, and while there drank of it freely.   They returned to Harrison about eleven o'clock p. m., and repaired to a restaurant owned and operated by Warren Wilson. While eating, Arthur Coker and Sam Ingram became involved in a quarrel, whereupon Wilson ordered all of them out of the cafe.

According to the testimony introduced by the State, appellant, at this juncture, went to the back part of the kitchen to get a bottle of whiskey he had concealed there. He was followed by Arthur Coker, who grabbed the whiskey out of appellant's hand and by that act greatly angered him.   Thereupon appellant began shooting at Coker, who was backing away, and continued firing until he wounded him nine times, from which wounds he died during the night.

The testimony introduced by appellant tended to show that he mortally wounded Arthur Coker in necessary self-defense.

The testimony introduced by the State was substantial and sufficient, if believed by the jury, to support the verdict and the judgment based thereon.

Ten grounds are set up for a new trial, all of which have been carefully considered in connection with the record in the case. Our examination of the record has convinced us that the court committed no reversible error in the trial of the cause, either in the admission or exclusion of evidence, or in giving or refusing instructions. A discussion of each of the alleged grounds in the motion for a new trial would extend this opinion to an unusual length, and could serve no useful purpose. One ground contained in the motion for a new trial, however, is of sufficient importance for special mention. It appears in the motion in the following words: "One of the petit jurors impaneled to try said cause was William Wallace, who, on his *voir dire,* under oath, stated that he did not know the defendant or Arthur Coker, the deceased; that he had never heard of the case and had not formed or expressed any opinion relative to the merits of the case to be tried. He was accepted by the defendant, and helped to try the same as one of the twelve jurors. As a matter of fact he had previously both formed and expressed an opinion and had heard substantially all the evidence on the part of the State. He had been a member of the grand jury that had returned the indictment herein into open court. The defendant did not know of the aforesaid facts; had he known the same, he would have exercised his right to challenge for cause, and, had that right been denied him, he would have challenged peremptorily, not having exhausted a single challenge. Defendant did not know and had no way or means of knowing that said juror had officiated as a grand juror in his indictment. His attorneys did not know it, and he would have insisted on challenging the juror had not the juror answered under oath as aforesaid. Defendant

used all possible diligence to learn all of the facts about this and all other jurors, and could learn only what jurors swore as aforesaid.'' The above quoted ground for new trial was heard by the court upon the following agreed statement of facts:

"It is agreed that the evidence will show, in addition to the motion, that W. R. Wallace, one of the trial jurors in the case, on his *voir dire* examination testified that he had never formed or expressed an opinion relative to the guilt or innocence of this defendant; that he knew nothing about the facts in the case; that he was accepted after he had made the sworn answers and after the attorneys for the defendant had asked the questions to ascertain the facts whether said juror had any bias or prejudice or knew anything about the facts in any way.

"It is further agreed that the defendant had not exhausted any of his challenges, and could have challenged said juror had he seen fit to do so, peremptorily.

"It is further agreed that the records show he was a member of the grand jury that returned into open court the indictment against this defendant in this case on this charge, and that the juror, ———Wallace, did not disclose that fact in any way, and that the attorney and the defendant did not know that fact at the time, and that said juror was accepted and sworn to try said cause.

"It is further agreed that the specific question as to whether or not said juror had served on the grand jury which returned the indictment was not asked him. It is further agreed that said juror stated on his *voir dire,* specifically, that he did not know the defendant nor the party that was killed, and had never heard what purported to be the detailed statement of the facts, and that he had not formed or expressed an opinion.''

A list of the grand jury was on file in the circuit court where appellant was being tried, and could have been inspected by appellant. An inspection thereof would have disclosed that William Wallace was a mem-

ber of the grand jury that indicted appellant. Failing in that, appellant could have easily asked William Wallace, on his *voir dire* examination, whether he served on the grand jury which found the indictment against appellant.

The third ground for challenge, on account of implied bias under section 3160 of Crawford & Moses' Digest, is as follows:

"Having served on the grand jury which found the indictment, or on the coroner's jury which inquired into the death of the party whose death in the subject of the indictment." The fact that William Wallace prejudged the case disqualified him from sitting as a petit juror in the trial of the cause, and subjected him to challenge before being sworn, but the fact that he sat did not constitute a ground for a new trial, it not appearing that he imposed himself upon the panel through concealment or prevarication. The record fails to show that William Wallace, by answering that he had not formed or expressed an opinion as to the guilt or innocence of appellant, attempted to perpetrate a fraud upon the court or appellant. Appellant should have asked the juror questions on his *voir dire* examination relative to the statutory grounds disqualifying him and for which he might be challenged, else he could not be regarded as diligent. This case is controlled by the principle announced in the case of *James* v. *State*, 68 Ark. 464. The same rule prevails in Louisiana, as will be seen by reference to the case of the *State* v. *Smith*, vol. 41, p. 688 of Louisiana Annual Reports. The facts in the latter case are almost identical with the facts in the instant case.

No error appearing, the judgment is affirmed.