BABERS v. STATE.

Opinion delivered May 19, 1924.

1.  CRIMINAL LAW—HEARSAY EVIDENCE.—Testimony in a seduction case of the doctor who attended the prosecutrix at childbirth, that prosecutrix said that defendant was the father, is hearsay, even though he embodied such information in his birth report.

2.  WITNESSES—IMPEACHMENT AS TO COLLATERAL MATTER.—Where a witness in a prosecution for seduction denied having made a statement as to his own intimacy with the prosecutrix, defendant cannot impeach him by showing by another witness that he made such a statement.

3.  SEDUCTION—ADMISSIBILITY OF GOOD REPUTATION OF PROSECUTRIX.— Where defendant introduced evidence tending to prove improper relations between prosecutrix and another, such assault upon her character authorized testimony that her general reputation for chastity had previously been good.

4.  CRIMINAL LAW—HARMLESS ERROR.—Admission in a seduction case of testimony of the previous good reputation of the prosecutrix

for chastity was harmless, though her chastity had not been questioned, since, in the absence of such testimony, her chastity would be presumed.

5. SEDUCTION—OPINION OF WITNESS.—A witness in a seduction case, who testified as to the contents of a letter written by the prosecutrix, in which she referred to some one as her husband without stating who he was, could not state who he was, where such statement would be a mere statement of opinion.

6. SEDUCTION—ADMISSIBILITY OF STATEMENT OF PROSECUTRIX.—A statement of the prosecutrix in a seduction case, made about the time of the alleged intercourse, that she was engaged to be married to another man, was admissible, as tending to disprove her testimony that her consent to intercourse with defendant was induced by a false express promise of marriage, and its exclusion was prejudicial.

Appeal from Sevier Circuit Court; *B. E. Isbell,* Judge; reversed.

*J. S. Utley,* Attorney General, and *John L. Carter,* Assistant, for appellee.

SMITH, J. Appellant was convicted of having seduced Era Zachary by virtue of a false express promise of marriage. According to the testimony on behalf of the prosecution, appellant and Miss Zachary became engaged in the summer of 1922, and she yielded her virginity at that time because of her love for him and his promise to marry her. The testimony to this effect is sufficiently corroborated to support the verdict of guilty returned by the jury.

Appellant denied having promised to marry Miss Zachary, and he also denied having carnally known her, and he attempted to show that about the time the baby born to Miss Zachary was begotten he was not visiting her and was not engaged to her, but, on the contrary, she was receiving visits from Clyde Williams as an accepted suitor.

Dr. J. B. Anderson was called as the first witness for the prosecution, and he testified that he delivered the child on April 5, 1923, and that it was a normal child. He was then asked if Miss Zachary had stated to him who its father was, and the court sustained an objection to this question. Dr. Anderson was then asked if he was

required under the Vital Statistics Act to report births of children, and if such report required him to name the parents of a child. He answered that he was, and the court thereupon permitted him to state who Miss Zachary had said was the father of the child, and that she stated appellant was its father.

This testimony was hearsay pure and simple, and the fact that Dr. Anderson embodied the information thus obtained in this report did not make it any the less so.

Clyde Williams was called as a witness for appellant and was asked if he had not stated at a designated time and place that he had a high time with Miss Zachary during the summer of 1922, and he denied making the statement. Appellant then called Truman Hill as a witness and proposed to prove by him that Williams had made the statement inquired about. The court refused to admit this testimony, and that ruling is assigned as error.

The law of this subject was reviewed, and a similar question held incompetent, in the case of *Murray* v. *State,* 151 Ark. 331. See also *Doran* v. *State,* 141 Ark. 442; *Crofton* v. *State,* 144 Ark. 164; *Garrison* v. *State,* 148 Ark. 370.

Certain witnesses were called on behalf of the State who testified that Miss Zachary's general reputation for chastity had previously been good. This testimony was objected to on the ground that no attack had been made on Miss Zachary's reputation. We think, however, that the attempt to prove an improper relation between Miss Zachary and Williams was itself an assault on her character. Moreover, we said in the case of *Patrick* v. *State,* 135 Ark. 173, that while such testimony was incompetent where the chastity of the prosecutrix had not been brought into question, it was harmless error to admit it, as it only tended to prove a fact which the law presumed in the absence of proof to the contrary. See also *Lockett* v. *State* (opinion on rehearing), 136 Ark. 478.

Mrs. Lena Hill, a sister of appellant, was called as a witness in his behalf. She testified that, in the late

summer or early fall, Miss Zachary showed her a letter which she had written in which she referred to her husband. The court permitted the witness to state the contents of the letter, but properly declined to permit the witness to state who the person was who was referred to as being Miss Zachary's husband, as the letter itself did not reveal that fact, and her answer that Williams was the person referred to would have been a mere expression of her opinion, and the court properly refused to permit the witness to state that Williams was the person referred to.

This witness was asked, however, about a conversation she had had about the same time in regard to Miss Zachary's engagement to Clyde Williams. Appellant offered to show by this witness that Miss Zachary stated to her that she and Williams were to be married, and that he had written to her to get a brown suit, hat and pair of shoes, that he himself had a brown suit, and that he would return in about three weeks, and they would marry, and that Miss Zachary did purchase a brown suit, hat and pair of shoes, and when Williams returned that summer he wore a brown suit.

The prosecuting attorney objected that any statement made by Miss Zachary was inadmissible unless it related to her chastity, and the court sustained the objection and excluded the offered testimony.

This ruling was erroneous and, we think, prejudicial. This testimony tended to show that, about the time when in the course of nature the baby was begotten, Miss Zachary was not engaged to appellant, but was in fact engaged to Williams. Appellant was charged with the crime of seduction, and it was essential for the State to show, not only that he had carnally known Miss Zachary, but that her consent thereto was induced by a false express promise of marriage. As we have said, appellant denied having had sexual intercourse with Miss Zachary, and denied having promised to marry her, and, if Miss Zachary was engaged to Williams at about the time of the alleged sexual intercourse with appellant,

this was a circumstance to show that, if she had had sexual intercourse with appellant, she had not consented thereto because of a promise of marriage.

The instructions given by the court fairly submitted the issues to the jury under correct declarations of law, and the testimony is legally sufficient to sustain the verdict, but, for the errors indicated, the judgment must be reversed, and it is so ordered.