James DAILEY, Jr. and Ralph William ERWIN *v.*
STATE of arkansas

5594                                    468 S. W. 2d 238

Opinion delivered June 21, 1971

*Wiggins & Christian,* for appellants.

*Ray Thornton,* Attorney General; *Garner L. Taylor, Jr.,* Asst. Atty. Gen., for appellee.

George Rose Smith, Justice. The two appellants, James Dailey, Jr., and Ralph William Erwin, were charged with having unlawfully dynamited a building in Fort Smith. Ark. Stat. Ann. § 41-4237 (Repl. 1964). The jury found both men guilty and assessed the same punishment for each of them: A fine of $2,000 and imprisonment for 15 years. Each appellant argues a single point for reversal.

Dailey contends that the trial court erred in refusing to suppress part of the testimony of Officer Eddie Brooks, who was allowed to testify that Dailey had orally admitted his guilt. After studying the record we are unable to say that the trial court was in error.

Dailey was arrested on July 24, 1970, and, according to the State's evidence, was then fully informed of his constitutional rights. He understood the explanation and did not then make any statement to the officers. While Dailey was still in jail his attorney filed a motion for an examination to determine Dailey's sanity. The motion was granted, the examination being set for 9:30 a.m. on September 1.

Early that morning Dailey sent word that he wanted to talk to Officer Brooks. Brooks's testimony about the occurrences during the day was to this effect: Brooks went to the jail to see Dailey. Dailey mentioned the psychiatric examination, which Brooks had not known about, and went on to say that "they" had stated that he (Dailey) was crazy and were trying to sent him to the nut house. Brooks explained that he could not talk to Dailey while he was represented by an attorney. Brooks did not urge Dailey to discharge his attorney, Bill Wiggins, but Brooks admitted that he did suggest that course to Dailey. Dailey said that he had not paid the attorney anything and also that he did not need an attorney if the best they could do was to send him to Little Rock (presumably meaning to the State Hospital).

Officer Brooks then left the jail and came back about an hour and a half later. Dailey indicated that he had seen his attorney, Wiggins, during the interval and had fired him. Dailey was taken to the office of a deputy prosecuting attorney, where he was told that he still had the right to have an attorney present. Dailey stated that he did not want a jury trial, that he knew he was guilty, that he had done wrong, and that he wanted to get it over with. Dailey refused to make a written statement but indicated that he would do so later on.

The foregoing testimony of Officer Brooks is almost uncontradicted. Dailey did not elect to testify, even at the in-chambers hearing on the motion to suppress the evidence. Attorney Wiggins testified positively that he was not discharged by Dailey on the day in question; but he had no way of knowing, and of course did not

attempt to say, whether Dailey had represented to Officer Brooks that Wiggins had been discharged. We are impressed by the fact that both Officer Brooks and the prosecuting attorney immediately made written records of what happened on the day in question. Their notes support their testimony. On the other hand, Wiggins apparently did not make any notes and admitted with candor that in some respects he had no basis for admitting or denying the prosecutor's statements. Upon the record as a whole we are unable to say that the trial court erred in refusing to suppress the challenged testimony of Officer Brooks.

The question presented by Erwin's appeal is comparatively free from difficulty. In effect he complains of three questions that were put to him on cross examination. First, he was asked about a threat that he had supposedly made. He denied having made the threat. Secondly, he was asked if he had thrown a brick through the vehicle of a guard at the plant where certain disturbances (in connection with a labor dispute) were taking place. Erwin's answer was "No, sir." Thirdly, he was asked if he had brandished weapons at Mexican laborers who were working at the plant during the dispute. Counsel objected at that point, and the question was not answered. Thus none of the three questions was answered in the affirmative and consequently no information whatever, much less any prejudicial information, reached the ears of the jury. In the circumstances there was clearly no reversible error.

Affirmed.