Gordon Eutah McCARLEY *v.* STATE
of Arkansas

CR 74-80                                    514 S.W. 2d 391

Opinion delivered October 14, 1974

*Tackett, Moore, Dowd & Harrelson,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *O. H. Hargraves,* Dep. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Appellant Eutah McCarley asserts a single point for the reversal of his conviction of second degree murder by jury verdict fixing his punishment at 21 years imprisonment. He contends that the circuit judge erred in overruling his objections to evidence of specific wrongful acts allegedly done by appellant prior to the incident for which he was tried.

McCarley was charged with first degree murder in the killing of one Lonnie Richardson on October 17, 1973 at or near McCarley's old homeplace near Grannis. At the time, McCarley was moving back into the house there after an absence of some two or three years.

Appellant took the witness stand and on cross-examination the prosecuting attorney asked him if he had a fight with a fellow workman named W. D. Smith, if he had a pretty violent fight in a uranium mine in New Mexico, if he had engaged in bootlegging whiskey in Oklahoma, if he had not operated a still in Oklahoma, if he did not bring whiskey with him to Arkansas on the day of the shooting, and if he had an altercation in which he used a knife and his adversary used a tire tool. All of these questions were answered by McCarley in the negative except that, in response to the question about W. D. Smith, he said that he had to defend his rights with Smith.

Appellant contends that this interrogation was prohibited by Ark. Stat. Ann. § 28-707 (Repl. 1962). A short answer to this argument is that this statute has no application and does not limit cross-examination of a witness in this respect. *Carter v. State*, 255 Ark. 225, 500 S.W. 2d 368. This line of questioning going to the credibility of the witness was permissible. *Inklebarger v. State*, 252 Ark. 953, 481 S.W. 2d 750; *Bowlin v. State*, 175 Ark. 1047, 1 S.W. 2d 546; *McAlister v. State*, 99 Ark. 604, 139 S.W. 684. Furthermore, in view of appellant's answers, he is in no position to claim that he was prejudiced by the questions, particularly since the jury was admonished that the questions affected credibility only. *Wallin v. State*, 210 Ark. 616, 197 S.W. 2d 26; *Dailey v. State*, 250 Ark. 965, 468 S.W. 2d 238; *Garrison v. State*, 148 Ark. 370, 230 S.W. 4; *Barton v. State*, 175 Ark. 120, 298 S.W. 867; *Bowlin v. State*, supra.

The state's attorney, however, was not satisfied with appellant's answers and, on rebuttal, called Harold Higgins and Nell Dean McCarley, appellant's former wife from whom he had been separated and divorced but who was living with him at the time of the alleged crime. Higgins testified, over appellant's objection, that he had, within recent months, bought whiskey from McCarley. Mrs. McCarley testified, also over appellant's objection, that appellant had been engaged in selling whiskey and had been in a rather violent altercation in which a rifle was involved while they were living in the west. This was clearly error. It did constitute an effort to impeach McCarley in violation of Ark. Stat. Ann. § 28-707. The questions asked were collateral to the issue and the state had no right to contradict appellant by evidence of any prior bad acts, as distinguished from evidence of a former conviction. *McAlister v. State,* supra. This prohibition applies with at least as great impact when the defendant is the witness as when any other witness is involved. *Randall v. State,* 239 Ark. 312, 389 S.W. 2d 229. The trial court's limitation of consideration of this rebuttal evidence to the credibility of the witness could not cure the error, because its admission was contrary to the statute. See *Ederington v. State,* 244 Ark. 1096, 428 S.W. 2d 271.

The Attorney General, however, very appropriately foregoes any argument that there was no error in the admission of this testimony. The state's argument is that the error was not prejudicial. That argument is supported by such decisions as *Ware v. State,* 91 Ark. 555, 121 S.W. 927. It presents the real issue on appeal. In *Ware,* we said that the erroneous introduction of testimony is not prejudicial if it does not deprive the defendant of a fair and impartial trial under all the evidence in the case, i.e., where the uncontroverted testimony shows that the defendant is guilty of the degree of crime of which he is convicted, error in the introduction of incompetent testimony is not prejudicial because, regardless of the light in which it is viewed, the jury could not have rendered a verdict of acquittal. We recognized, however, that if the facts are disputed or the proof controverted, that view of the testimony most favorable to the defendant should be taken and, if, in such view, the incompetent testimony would have a tendency to disparage the controverting evidence on the part of the defendant, its admission

would be prejudicial. When we applied the rule in *Ware,* we found the error to have been prejudicial.

The rule recited in *Ware* has been applied without question when the verdict of the jury finding a defendant guilty of a degree of crime clearly demonstrates that the inadmissible testimony could not have been considered in arriving at the verdict. *Coulter* v. *State,* 100 Ark. 561, 140 S.W. 719. But we cannot say that this is so in the present case. Of course, we presume error to be prejudicial in the absence of an affirmative showing to the contrary unless it manifestly is not. *Graves* v. *State,* 256 Ark. 117, 505 S.W. 2d 748 (1974). The question of prejudice here is not without difficulty. It turns upon the question whether appellant's credibility is so essential to his defense that any testimony tending to make him appear less credible is disparaging to the theory of his defense and the evidence tending to support it. If so, the error is prejudicial. *Carlley* v. *State,* 191 Ark. 363, 86 S.W. 2d 36. We must look then to the theory of his defense and its evidentiary support to answer the question.

Appellant was charged with first degree murder and it is sufficient for the purposes of this appeal to say that the evidence would have sustained a finding of guilt of that degree of homicide. The defense was self-defense. The state argues very persuasively that the jury returned the only verdict it could have returned under the undisputed evidence, even when it is viewed in the light most favorable to McCarley. The state asserts that the theory of self-defense was merely colorable, because appellant never saw a gun he said he thought the deceased was reaching for during the encounter and because any defense of his own person was abandoned when, after having fired at and shot the deceased, appellant struck him twice with the butt of a rifle and twice again fired at deceased from behind a tree at the scene.

This case is not sufficiently similar to *Taylor* v. *State,* 72 Ark. 613, 82 S.W. 495 relied upon by the state, to be controlled by it because the undisputed evidence showed that the deceased unlike the heavily armed victim in this case, was unarmed and actually ran from Taylor and his two brothers crying for help and begging them not to shoot him anymore, and that the brothers continued to shoot him until he had fallen and even thereafter. Clearly there was no basis for a finding of self-defense there.

Still McCarley could not avail himself of the defense he asserted if he provoked or brought on, either by acts or demonstrations, the alleged attack by Richardson, if he approached Richardson in anticipation that Richardson would attack him, with the intention of killing Richardson, if McCarley voluntarily entered into a duel or contest with Richardson, or if he had not done everything in his power to avoid the danger and avert the necessity of the killing. *Burton v. State*, 254 Ark. 673, 495 S.W. 2d 841; *Clingham v. State*, 207 Ark. 686, 182 S.W. 472; *Valentine v. State*, 108 Ark. 594, 159 S.W. 26; *Sharp v. State*, 175 Ark. 1083, 3 S.W. 2d 23; *Yancey v. State*, 120 Ark. 350, 179 S.W. 352. Without reviewing it, the testimony was such, even accepting McCarley's version, that the jury verdict is readily understandable. Still, we cannot say with absolute assurance, when all inferences are drawn in favor of appellant and the situation viewed as it appeared to McCarley, acting as a reasonable person, his plea of self-defense was totally foreclosed as a matter of law. Richardson, according to McCarley, was reputed to be a bully and always went armed. There was evidence tending to corroborate this view. Richardson was sitting in the road in his vehicle, armed with a .308 rifle and a .22 calibre pistol, watching McCarley move into the old home. Richardson had ignored McCarley's signal inviting him to come down to the house. When McCarley first approached Richardson, Richardson was raging and cursing and a hot argument ensued. McCarley thought Richardson reached for a weapon before McCarley fired his .22 rifle, shooting Richardson. Unquestionably, Richardson had fired the rifle at McCarley before Richardson succumbed to McCarley's fatal shot.

The plea of self-defense raised the issue of manslaughter, because if one acts too hastily and without due care in assaulting another, even though he believes he is about to be assaulted by the other, he is not justified in taking human life and is guilty of manslaughter. *Peters v. State*, 245 Ark. 9, 430 S.W. 2d 856; *Ellis v. State*, 234 Ark. 1072, 356 S.W. 2d 426. The jury was instructed on the crime of manslaughter and a verdict on that degree was possible under the evidence.

Furthermore, we cannot ignore the fact that the jury meted out the maximum punishment for second degree murder. Long ago, we recognized that error in the admission of contradicting evidence was prejudicial, even though the competent evidence clearly showed guilt, when the matter

contradicted could properly be considered by the jury in mitigation of punishment if it gave credit to the defendant's statement. *Stone* v. *State,* 56 Ark. 345, 19 S.W. 968. We certainly are not prepared to say that the jury would not have assessed a lesser punishment, even on a verdict of second degree murder, had it not been for the shadow cast on appellant's credibility by the improper admission of the impeaching evidence. We also find some significance in the jury recommendation that McCarley be required to serve the full sentence imposed. When a greater sentence is imposed than might have otherwise been assessed, had incompetent testimony not been admitted, we have held that its admission was prejudicial. *Williams* v. *State,* 183 Ark. 870, 39 S.W. 2d 295.

When all factors are considered, we cannot say that the error was not prejudicial, so the judgment is reversed and the cause remanded for a new trial.