Jack SIMS a/k/a Gary LAWRENCE *v.*
STATE of Arkansas

CA CR 79-55                                          587 S.W. 2d 604

Opinion delivered September 19, 1979
and released for publication October 10, 1979

*John W. Achor,* Public Defender, by: *Jeff Rosenzweig,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for appellee.

DAVID NEWBERN, Judge. The appellant was convicted and sentenced to six years imprisonment for possession of stolen property in violation of Ark. Stat. Ann. §41-3938 (Repl. 1977). At his trial, which took place March 8, 1979, he was represented by counsel. On March 22, 1979, he filed a petition with the trial court to have the verdict set aside, alleging as one ground, that a person who had sat as a juror in a previous, unrelated case in which he was convicted had also sat as a juror in this case. On March 23, 1979, the appellant's counsel filed a motion for a new trial, alleging that the juror in question had improperly remained silent when, on *voir dire,* he was asked if he knew the defendant. The motion alleged that the appellant heard the juror remark to other jurors that he had been a juror in the previous case. The remark was allegedly made while the jurors were retiring to begin their deliberations.

The motion also raised the question whether an exhibit which was identified and marked as such, but which was not "introduced" into evidence, was improperly displayed by the prosecution to the jury. The issues on this appeal are those which were raised in the motion, which was denied.

First, as to the juror issue, we agree with the trial judge that the appellant has failed to raise an issue of actual or implied bias as described in Ark. Stat. Ann. §§43-1919 and 1920 (Repl. 1977), but in his motion and on this appeal, the appellant raises the more difficult question of juror misconduct. His contention is that he was effectively denied the right to challenge the juror, either for cause or peremptorily, because of the juror's silence in response to the question whether he knew the appellant.

In support of this contention, the appellant cited *Colbert v. State,* 156 Ark. 98, 243 S.W. 801 (1922). In that case the Arkansas Supreme Court held it was not error to refuse a new trial even though a juror who, on *voir dire,* had denied knowledge of the case had sat on the grand jury which returned the indictment. The appellant cites the case for the court's statement that "the fact that [the juror] sat did not constitute a ground for a new trial, it not appearing that he imposed himself upon the panel through concealment or prevarication." 156 Ark. at 102. The appellant says the inverse of this statement must also be true. To reverse this case on that proposition would require us to find the juror lied in response to the question whether he "knew" the appellant. We cannot say he lied, as the question was too broad. A juror who has sat in a previous case involving the same person as defendant may not feel he "knows" the defendant. Had he been asked if he had seen the defendant or had knowledge of any facts about the defendant, he would have been obliged to speak up. The *Colbert* case holds that the juror's conduct was not sufficient basis for a new trial despite his failure to admit knowledge of the facts of the very case at hand. The court there was critical of counsel's failure to ask the proper questions on *voir dire.* That case seems to be strong support for the appellee's position here.

The appellant did not bring this matter to the attention

of the trial court for some sixteen days after it occurred. It seems he did not even tell his lawyer about it but wrote a *pro se* petition which his lawyer later supplemented with his motion for new trial. The appellee suggests this is cause to suspect the appellant fabricated the story about the juror. Regardless of the state's suspicion, we believe this failure to report the matter at the time it allegedly happened greatly weakens the appellant's case. *Johnson* v. *State,* 252 Ark. 325, 478 S.W.2d 876 (1972).

Nor do we find merit in the appellant's second point. Here again the appellant cites a case which cannot be regarded as precedent. The case, *Cummings* v. *State,* 239 Ark. 1027, 396 S.W.2d 298 (1965), involved a conviction for possession of burglary tools. A pistol was displayed by the prosecution to the jury but not introduced into evidence. The Supreme Court said "[w]e do not reverse the case because of this point; . . ." and went on to say that the pistol would probably not be admissible in the event of a retrial resulting from reversal on other grounds.

In this case, there is no showing or even contention the appellant was prejudiced by the display to the jury of an antique cap and ball type shotgun which was identified by a witness as property stolen from him. There is no requirement that stolen property be introduced into evidence before a conviction for possession of it may be obtained. See, e.g., *Carnal* v. *State,* 234 Ark. 1050, 356 S.W.2d 651 (1962).

Even if we found such a requirement, we would not in this case regard the failure to meet it as prejudicial error. See, *McCarley* v. *State,* 257 Ark. 119, 514 S.W.2d 391 (1974), and *Underdown* v. *State,* 220 Ark. 834, 250 S.W.2d 131 (1952).

Affirmed.