Homer Roy BEARD *v.* STATE of Arkansas

CR 80-49                               598 S.W. 2d 72

Supreme Court of Arkansas
Opinion delivered May 5, 1980

*John W. Achor*, Public Defender, by: *Jeff Rosenzweig*, Deputy Public Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Catherine Anderson*, Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was convicted of manslaughter in the shooting death of his brother and sentenced to ten years' imprisonment. He first argues that the trial court erred in admitting appellant's oral statement into evidence.

The burden, of course, is on the state to demonstrate that an in custodial statement was freely and voluntarily given, and on appeal we make an independent determination of voluntariness based on the totality of circumstances and will not set aside the trial court's finding of voluntariness unless it is clearly against the preponderance of the evidence, or clearly erroneous. *Clark* v. *State*, 264 Ark. 630, 573 S.W. 2d 622 (1978); and *Degler* v. *State*, 257 Ark. 388, 517 S.W. 2d 515 (1974). Voluntary oral statements are admissible. See *Scott* v. *State*, 249 Ark. 967, 463 S.W. 2d 404 (1971); and *Dailey* v. *State*, 250 Ark. 965, 468 S.W. 2d 238 (1971); appellant cites no authority to the contrary.

When the arresting officer arrived at the scene of a family disturbance, the victim was being placed in an ambulance. He questioned the appellant after advising him of his con-

stitutional rights. Appellant told the officer that he had shot his brother because he was "running over him." Although the appellant had been drinking, he had his senses about him. Appellant admits he was advised of his constitutional rights, there was no intimidation or coercion, and he was not drunk. He only disputes the officer's testimony as to the cause of the shooting. Appellant maintains the shooting was an accident and that he so advised the officer.

Any conflicts in the testimony were fact issues which were for the trial court to resolve. *Bell* v. *State*, 258 Ark. 976, 530 S.W. 2d 662 (1975). Here we cannot say that the trial court's finding that the oral statement was voluntary is clearly against the preponderance of the evidence. Appellant makes a subordinate or incidental argument that the trial court ruled the "confession" was admissible on the ground that the appellant could take the stand to contradict the statement thereby compelling him to do so. We do not so construe the court's holding. Further, there was no objection which would constitute a basis for this argument made at the Denno hearing.

Appellant's next argument is, in essence, that the charge of second degree murder should have been dismissed due to an "unamended defect in the information" inasmuch as the statutory word "knowingly" was omitted from the information. The information charged appellant with the crime of violating Ark. Stat. Ann. § 41-1503, Murder, Second Degree in that he "unlawfully, feloniously, and under circumstances manifesting extreme indifference to the value of human life, did cause the death of David Beard by shooting him with a .12 gauge shotgun." The wording of the information parallels the wording of Ark. Stat. Ann. § 41-1503 (1) (b) (Repl. 1977) which provides:

A person commits murder in the second degree if:

. . .

(b) he knowingly causes the death of another person under circumstances manifesting extreme indifference to the value of human life; . . .

In addition to naming the appellant, the offense charged, the statute under which the charge was made, the court, and the county where the alleged offense was committed, the information set forth the principal language of the statute and the asserted facts constituting the offense. The information clearly met the required standard. *Workman* v. *State*, 267 Ark. 103, 589 S.W. 2d 20 (1979). Ark. Stat. Ann. §§ 43-1006, 43-1008 and 43-1022 (Repl. 1977). In *Workman*, we we held that an information is not defective if it sufficiently apprises the individual of the specific crime with which he is charged to the extent necessary to enable him to prepare his defense. Additionally, here the appellant did not avail himself of his right to seek addditional details by filing a bill of particulars as provided by § 43-1006. Neither did he raise the issue until after the state had rested its case, and further the jury acquitted him of the murder charge by reducing it to a lesser offense.

Affirmed.